UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose Alfredo ALDANA–SANABRIA,
Defendant–Appellant.

No. 05–40668.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 23, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

■ Jose Alfredo Aldana–Sanabria appeals his sentence under 8 U.S.C. § 1326 for illegal re-entry into the United States after having been deported. First, Aldana–Sanabria asserts that the district court

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

198

erred in concluding that his prior state felony conviction for simple possession of a controlled substance was an "aggravated felony" for purposes of § 1326(b). Our precedent holds that a state felony conviction for simple drug possession is properly considered an aggravated felony for purposes of § 1326(b). *See United States v. Rivera*, 265 F.3d 310, 312–13 (5th Cir. 2001); *United States v. Hinojosa–Lopez*, 130 F.3d 691, 693–94 (5th Cir.1997). Therefore, this issue is without merit, and we affirm the judgment of the district court with respect to it.

 Next, Aldana–Sanabria argues that the district court erred in ordering, as a condition of supervised release, that he cooperate with the probation officer in the collection of DNA. His claim is not ripe for judicial review in light of our holding in *United States v. Riascos–Cuenu*, 428 F.3d 1100, 1102 (5th Cir.2005), *petition for cert. filed* (Jan. 9, 2006) (No. 05–8662). Accordingly, we dismiss this portion of the appeal for lack of jurisdiction.

Last, Aldana–Sanabria argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. His challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Aldana–Sanabria contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Aldana–Sanabria properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit

precedent, but he raises it here to preserve it for further review. Thus, we affirm the judgment of the district court on this point.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.